UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5082 PA (AFMx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | R. Scott Turicchi, et al. v. Randall Quaid, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Fidelity National Title Insurance Company ("Fidelity") (Docket No. 14) challenging the sufficiency of the First Amended Complaint filed by plaintiffs R. Scott Turicchi and Lannette C. Turicchi (collectively "Plaintiffs"). Fidelity concurrently filed a Request for Judicial Notice in Support of its Motion (Docket No. 15), which Plaintiffs opposed (Docket No. 25). Plaintiffs filed an Opposition to Fidelity's Motion to Dismiss (Docket No. 23) and also filed a Request for Judicial Notice (Docket No. 24), which Fidelity did not oppose. Fidelity filed a Reply. (Docket No. 26.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 24, 2018, is vacated, and the matter taken off calendar.

**I.     Factual and Procedural Background**

The First Amended Complaint alleges that in June 2007, Plaintiffs purchased real property (the "Property") in Santa Barbara, California insured by a Fidelity title insurance policy. (Docket No. 9 ¶¶ 12–13.) In April 2016, Plaintiffs' mortgage lender informed Plaintiffs that defendants Randall Quaid and Eugenia Quaid (collectively the "Quaids") contacted the lender and asserted that they were the true owners of the Property and Plaintiffs' title was invalid. (Id. ¶ 14.) Plaintiffs also discovered that the Quaids asserted that they were the true owners of the Property on social media. (Id. ¶ 15.)

In May 2016, Plaintiffs requested that Fidelity bring a quiet title action against the Quaids. (Id. ¶¶ 16–18.) Fidelity denied coverage on June 8, 2016. (Id. ¶ 19.) In February 2018, Plaintiffs received a copy of a letter from the Quaids to Title Resources Group, LLC claiming that the sale of the Property was fraudulent, that the Property must be returned to them, and that the public record must be corrected. (Id. ¶ 22.) Plaintiffs tendered a claim to Fidelity a second time, and Fidelity again denied coverage, though it ultimately offered to file a quiet title action against the Quaids. (Id. ¶¶ 23–29.) Plaintiffs did not accept this proposal. (Id. ¶ 30.) On June 7, 2018, Plaintiffs filed this lawsuit for quiet title and slander of title against the Quaids, and for breach of contract and tortious breach of contract against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5082 PA (AFMx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | R. Scott Turicchi, et al. v. Randall Quaid, et al. | | |

Fidelity. Plaintiffs also allege a claim for declaratory and injunctive relief, which is derivative of the other claims.

On June 28, 2018, the Court ordered Plaintiffs to show cause why the Quaids or Fidelity should not be dropped as defendants for improper joinder. (Docket No. 10.) After considering Plaintiffs' response (Docket No. 19), the Court found that Plaintiffs did not satisfy either prong of Rule 20 for permissive joinder and dropped the Quaids from this Action (Docket No. 22). Thus, the only remaining claims against Fidelity are for breach of contract, tortious breach of contract, and a claim for declaratory and injunctive relief.

Fidelity contends that Plaintiffs' claims must be dismissed because they are barred by the statute of limitations.

**II.   Legal Standard for a Motion to Dismiss**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules of Civil Procedure ("Rules") allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice," Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")); see also Daniel v. Cty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5082 PA (AFMx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | R. Scott Turicchi, et al. v. Randall Quaid, et al. | | |

California's statute of limitations for claims based upon a policy of title insurance is two years. See Cal. Code Civ. Proc. § 339(1). Section 339(1) explains that claims based upon a "policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." Under California law, "[t]he limitations period, the period in which a plaintiff must bring suit or be barred, runs from the moment a claim accrues." Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1191 (2013). Once the insured has suffered a loss or damage, the insured must tender the claim to the insurance company within the two-year statute of limitations. See Tabachnick v. Ticor Title Ins. Co., 24 Cal. App. 4th 70, 77 (1994).

**III.   Procedural Issues**

In support of its Motion to Dismiss, Fidelity requests that the Court take judicial notice of Lannette Turicchi's September 24, 2010 Form CH-100 Request for Orders to Stop Harassment filed against Randall Quaid and accompanying declaration from Lannette Turicchi ("2010 Civil Harassment Case"). (Docket No. 15.)

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (citing Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007). Fidelity has not demonstrated that the events which caused Lannette Turicchi to seek protection from Randall Quaid in 2010 are directly related to Plaintiffs' claims against Fidelity such that the Court should judicially notice any filing in that case. And even if the 2010 Civil Harassment Case was a related action, the court could only take judicial notice of the existence of Lannette Turicchi's declaration, not the truth of the facts within the declaration. See Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."); Marsh v. San Diego Cty., 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) ("A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein.").

Fidelity argues that the declaration "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" (Docket No. 26, at 4). The Court is not persuaded. "[T]here must be an independent basis for taking notice of the facts referenced in the declaration." Bass v. Cty. of Butte, No. CIV-S-02-2443 DFL/CG, 2004 WL 1925468, at *2 n.2 (E.D. Cal. Aug. 6, 2004); see also Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) ("[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." (internal quotations omitted)). Accordingly, Fidelity's request is denied.

**IV.   Discussion**

In Fidelity's Motion to Dismiss, Fidelity argues that while Plaintiffs were aware in September 2010 that "the Quaids were making claims adverse to their title, and that those claims had resulted in substantial damage," Plaintiffs did not file a title insurance claim with Fidelity until May 17, 2016,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5082 PA (AFMx) | Date | September 21, 2018 |
|---|---|---|---|
| Title | R. Scott Turicchi, et al. v. Randall Quaid, et al. | | |

making their claim untimely. (Docket No. 14-1, at 6.) However, Fidelity's statute of limitations argument relies on facts found solely outside the pleadings. The First Amended Complaint does not reference any events involving the Quaids before April 2016. Taking Plaintiffs' allegations as true as we must, Plaintiffs state a plausible claim for relief that is not barred by the statute of limitations. Fidelity's motion to dismiss is denied without prejudice to being raised as a motion for summary judgment.

### Conclusion

For the foregoing reasons, the Court denies Defendant's Request for Judicial Notice (Docket No. 15) and Motion to Dismiss (Docket No. 14). Accordingly, the Court denies the Plaintiffs' Request for Judicial Notice (Docket No. 24) as moot. Defendant shall file an Answer no later than 14 days from the date of this Order.

IT IS SO ORDERED.